# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC TATE, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PX-20-2273 |
| STATE OF MARYLAND, | * | |
| Respondent. | * | |

## **MEMORANDUM OPINION**

Eric Tate's pro se Petition for a Writ of Habeas Corpus, brought pursuant to 28 U.S.C. § 2254, collaterally attacks his 2007 murder convictions. ECF Nos. 1 & 3. Respondent has filed a limited Answer arguing that the Petition should be dismissed as untimely. ECF No. 11. The Court has reviewed the pleadings and finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; Loc. R. 105.6. For the reasons stated below, the Petition must be dismissed as time-barred.

**I.    Background**

On May 22, 2007, Tate pleaded guilty in Baltimore City Circuit Court to two counts of first-degree murder. ECF No. 11 at 3-4; ECF No. 11-1 at 5, 16 & 25. On July 24, 2007, the Circuit Court sentenced Tate to two concurrent life-imprisonment terms, suspending all but 50 years. ECF No. 11 at 4; ECF No. 11-1 at 6, 16. The Court did not impose any term of probation. ECF No. 11 at 5.

The omission of probation prompted a resentencing. *Id.* On March 18, 2013, the Circuit Court re-imposed the identical prison terms -- two concurrent life sentences, with all but 50 years suspended -- but added a five-years' probation to follow. ECF No. 11-1 at 7, 17-18 & 25. Tate did not seek leave to appeal this sentence. *See id.* at 7, 18; Md. Rule 8-204(b) (stating an

application for leave to appeal must be filed within 30 days of the entry of the judgement from which the appeal is sought); MD. CODE ANN., CTS. & JUD. PROC. § 12-302(e)(2) (West 2014). However, on April 8, 2013, Tate did file a motion to modify his sentence. ECF No. 11-1 at 7, 18 & 24. That motion was denied on June 4, 2013. *Id.* at 16, 22 & 28.

More than five years later, on October 25, 2018, Tate sought state post-conviction relief on several grounds. *Id.* at 8, 18 & 29. The post-conviction court denied Tate's claims except for one: that defense counsel had provided ineffective assistance in failing to seek review of Tate's sentence by a three-judge panel. *Id.* at 46-49.[1] As relief, the post-conviction court granted Tate permission to file an application for a three-judge panel review out of time. *Id.* at 48-49. Tate filed the application for the review on August 23, 2019, which was denied October 4, 2019. *Id.* at 11, 21-22.

On July 26, 2020, Tate filed his Petition in this Court. ECF No. 1. In it, Tate alleges that his trial counsel had provided ineffective assistance in connection with his guilty plea and sentencing. ECF No. 3 at 6. Tate also argues that he should have received a sentencing reduction to account for the five-years' probation added during resentencing because the probationary term was not part of his original plea. ECF No. 1 at 4.

## II. Discussion

A petition for a writ of habeas corpus may be granted for violations of the Constitution or laws of the United States. *See* 28 U.S.C. § 2254(a). A one-year limitations period applies to the petition and runs from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Tate sought leave to appeal the post-conviction decision, which was denied on September 17, 2020. ECF No. 11-1 at 11, No. 22 & No. 50-74.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(l). The one-year period may be tolled during the pendency of a state post-conviction petition properly filed within this limitations period. *See id.* § 2244(d)(2).

Respondent argues that Tate's judgment of conviction became final on April 17, 2013, when the time for filing an application for leave to appeal his resentencing expired. ECF No. 11 at 10; *see* Md. Rule 8-204(b)(2)(A)); MD. CODE ANN., CTS. & JUD. PROC. § 12-302(e)(2); *see also Woodfolk v. Maynard*, 857 F.3d 531, 542 (4th Cir. 2017) (noting the limitations period runs from the date of resentencing). Accordingly, say Respondents, Tate's time for filing a federal petition expired on April 17, 2014. ECF No. 11 at 10; *see* 28 U.S.C. § 2244(d)(1)(A).

The Respondents are largely, but not completely, correct in this calculation. Nine days before Tate's conviction became final on April 17, 2013, Tate moved for reconsideration of sentence. ECF No. 11-1 at 7, 18 & 25. The pendency of that reconsideration motion tolled the limitations period applicable here until the reconsideration motion was decided, extending limitations by 48 days. *See id.* at 7, 18. After that time, no other motions were pending in state court. Thus, the limitations period to file his Petition expired on June 4, 2014.

Moreover, Tate's petition for post-conviction relief filed some four years later (October 25, 2018) does not alter the expiration of the limitations period. Section 2244(d)(1)(A) provides

3

that the one-year limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." S*ee also Grant v. Warden*, No. JKB-20-2447, 2021 WL 2117160, at *3 (D. Md. May 25, 2021) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding "[a] state-court petition … that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled")). Limitations does not run anew where a petitioner pursues post-conviction relief after the one-year period has expired and the proceeding does not constitute direct review. *See generally Frasch v. Peguese*, 414 F. 3d 518, 521-22 (4th Cir. 2005) (for those in Maryland who plead guilty, state law determines what constitutes "direct review" for purposes of § 2244(d)(1)(A) one-year limitations period); *see also Johnson v. Lyons*, No. JKB-16-436, 2016 WL 3027537, at *2 (D. Md. May 27, 2016) (although timely filed motion for review by three-judge panel may toll the limitations period on a federal petition, its adjudication does not provide for statutory tolling for an additional 90-day period because "[s]uch motions involve a request for leniency," and not "cognizable federal claims"); *Smith v. Gelsinger*, No. PWG-19-1669, 2020 WL 5074400, at *1, *3 (D. Md. Aug. 26, 2020) (28 U.S.C. § 2254 petition time-barred because belated filing of state court application for review by three-judge panel was filed after federal limitations period had expired). In short, the relief that Tate obtained by his 2018 post-conviction motion does not render this Petition timely.

Alternatively, Tate argues that the limitations period should be subject to equitable tolling because his counsel waited for years to seek state post-conviction relief. ECF No. 1 at 2; ECF No. 3 at 6; *see also* ECF No. 3-2 at 1. Equitable tolling applies where a petitioner demonstrates that extraordinary circumstances beyond his control prevented him from filing his petition on time. *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). A petitioner must also show that he

pursued his rights diligently, but nonetheless "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A rarely invoked exception to the one-year limitations period, equitable tolling is reserved for those instances in which "it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

The Court credits that Tate's attorney delayed filing his state post-conviction motion. But attorney delay alone does not amount to "extraordinary" circumstances sufficient to support equitable tolling as to the federal petition. *See Grant*, 2021 WL 2117160, at *4 (citing *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) ("lawyer's mistake is not a valid basis for equitable tolling"); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (lawyer's decision to mail petition by ordinary mail, instead of expedited delivery, was not ground for equitable tolling)). "[A] mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." *Harris*, 209 F.3d at 331.

Alternatively, even if the attorney's failure to file the post-conviction motion could be construed as "extraordinary circumstances," Tate has made no showing that he otherwise acted with diligence. Although Tate made some effort to secure his post-conviction petition in 2012 and again in 2016, ECF No. 3-2 at 1-2, he does not explain why years went by without any further action on that motion or on the federal Petition. The Court cannot find that Tate acted with "reasonable diligence," and so equitable tolling does not apply. *Holland*, 560 U.S. at 653. Because the Petition is time-barred, it must be dismissed.

### III. Certificate of Appealability

When a district court dismisses a habeas petition, a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is denied on procedural grounds, the petitioner meets the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Tate fails to satisfy this standard, the Court declines to issue a Certificate of Appealability. Tate may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

### IV. Conclusion

For the foregoing reasons, the Petition is DISMISSED as time-barred. The Court declines to issue a Certificate of Appealability. A separate Order shall issue.

| | |
|---|---|
| 7/9/21 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |